UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

JACK SOLOMON and
JOHN WHITTAKER,

        Plaintiffs,

v.

TEAR IT UP FRANCHISES, LLC,
ROBIN ROBERTS, and FRANCES ROBERTS,

        Defendants.
_____/

## C O M P L A I N T

Plaintiffs, JACK SOLOMON and JOHN WHITTAKER, by and through the undersigned counsel, Todd W. Shulby, P.A., sue the Defendants, TEAR IT UP FRANCHISES, LLC, ROBIN ROBERTS, and FRANCES ROBERTS and allege as follows:

1.     Plaintiffs bring this action against Defendants to recover unpaid wages, compensation and damages.

2.     Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3.     The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.     At all times material hereto, Plaintiffs have been citizens and residents of this judicial district and within the jurisdiction of this Court.

5.     At all times material hereto, TEAR IT UP FRANCHISES, LLC was the Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

6.      At all times material hereto TEAR IT UP FRANCHISES, LLC had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7.      At all times material hereto, TEAR IT UP FRANCHISES, LLC, upon information and belief, had revenue in excess of $500,000.00 per annum.

8.      At all times material hereto, ROBIN ROBERTS was Plaintiffs' employer as defined by law.  ROBIN ROBERTS had operational control over TEAR IT UP FRANCHISES, LLC and is directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, ROBIN ROBERTS controlled the finances for TEAR IT UP FRANCHISES, LLC.

9.      At all times material hereto, FRANCES ROBERTS was Plaintiffs' employer as defined by law.  FRANCES ROBERTS had operational control over TEAR IT UP FRANCHISES, LLC and is directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, FRANCES ROBERTS controlled the finances for TEAR IT UP FRANCHISES, LLC.

10.      At all times material hereto, Plaintiffs were individually engaged in interstate commerce while working for Defendants.

<u>COUNT I: FLSA RECOVERY OF OVERTIME WAGES</u>
<u>SOLOMON and WHITTAKER V. ALL DEFENDANTS</u>

11.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 10 above.

12.      Plaintiff JACK SOLOMON worked for Defendants from approximately July 2018 to August 2019.

13.    Plaintiff JOHN WHITTAKER worked for Defendants from approximately April 2019 to August 2019.

14.    Plaintiffs worked for Defendants as flooring technicians.

15.    Plaintiffs primary duties and responsibilities included removal of flooring, handling flooring tools and equipment.

16.    Plaintiff JACK SOLOMON was paid at a rate of $13.00 per hour at the beginning of his employment and $15.00 per hour at the end of his employment.

17.    Plaintiff JOHN WHITTAKER was paid at a rate of $13.00 per hour at the beginning of his employment and $14.00 per hour at the end of his employment.

18.    Plaintiffs were entitled to time and one-half Plaintiffs' regular rate of pay for hours worked over 40 hours per week.

19.    During one or more workweeks, Defendants did not pay Plaintiffs time and one half Plaintiffs' regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

20.    Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

21.    Plaintiffs were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

22.    By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

23.    Plaintiffs are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for all unpaid wages,

liquidated damages, attorney's fees and costs and demand a trial by jury for all issues so triable.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES
## COLLECTIVE ACTION COUNT

24.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 10 above.

25.     Plaintiff JACK SOLOMON worked for Defendants from approximately July 2018 to August 2019.

26.     Plaintiff JOHN WHITTAKER worked for Defendants from approximately April 2019 to August 2019.

27.     Plaintiffs worked for Defendants as flooring technicians.

28.     Plaintiffs' primary duties and responsibilities included removal of flooring, handling flooring tools and equipment.

29.     Plaintiff JACK SOLOMON was paid at a rate of $13.00 per hour at the beginning of his employment and $15.00 per hour at the end of his employment.

30.     Plaintiff JOHN WHITTAKER was paid at a rate of $13.00 per hour at the beginning of his employment and $14.00 per hour at the end of his employment.

31.     Plaintiffs were entitled to time and one-half Plaintiffs' regular rate of pay for hours worked over 40 hours per week.

32.     During one or more workweeks, Defendants did not pay Plaintiffs time and one half Plaintiffs' regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

33.     Defendants knew or should have known of the unpaid and/or underpaid overtime hours worked.

34.     Other employees of Defendants, who were employed in the same or similar capacity

4

as Plaintiffs, and who performed the same or similar job duties and responsibilities as Plaintiffs, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

35.     Plaintiffs, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

36.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs, and others similarly situated, suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

37.     Plaintiffs, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiffs, on behalf of Plaintiffs and others similarly situated, hereby demand judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demand a trial by jury for all issues so triable.

COUNT III: FLSA RETALIATION
SOLOMON and WHITTAKER V. ALL DEFENDANTS

38.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 10 above.

39.     The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

40.     The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

41.     Plaintiff JACK SOLOMON worked for Defendants from approximately July 2018 to August 2019.

42.     Plaintiff JOHN WHITTAKER worked for Defendants from approximately April 2019 to August 2019.

43.     Plaintiffs worked for Defendants as flooring technicians.

44.     Plaintiffs' primary duties and responsibilities included removal of flooring, handling flooring tools and equipment.

45.     Plaintiff JACK SOLOMON was paid at a rate of $13.00 per hour at the beginning of his employment and $15.00 per hour at the end of his employment.

46.     Plaintiff JOHN WHITTAKER was paid at a rate of $13.00 per hour at the beginning of his employment and $14.00 per hour at the end of his employment.

47.     Plaintiffs were qualified for Plaintiffs' position with Defendants.

48.     Defendants took adverse action against and discriminated against Plaintiffs because Plaintiffs informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq.*

49.     Defendants took adverse action and discriminated against Plaintiffs because Plaintiffs refused to work overtime hours without receiving overtime pay.

50.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, and seek to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demand a trial by jury for all issues so triable.

COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2018
SOLOMON V. ALL DEFENDANTS

51.     Plaintiff JACK SOLOMON incorporates by reference the allegations contained in paragraphs 1 through 10 above.

52.     Plaintiff performed worked for Defendants during calendar year 2018.

53.     Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

54.     Defendants paid Plaintiff and so are directly responsible for the issuance of payments to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2s to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of correct information returns on behalf of the corporate Defendants.

55.     Defendants paid Plaintiff cash and did not include the cash on the W-2 issued to Plaintiff and filed with the IRS in 2018.

56.     Defendants willfully and intentionally served/filed/provided Plaintiff and the IRS with a fraudulent and/or false information return for calendar year 2018 by not including cash payments on Plaintiff's W-2.

57.     Plaintiff suffered damages as a result of Defendants' willful provision of false information return in 2018 caused by Defendants' intentional and willful acts as described above.

58.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

(a) In general If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff JACK SOLOMON demands the entry of a judgment in his favor and against Defendants, jointly and severally, after trial by jury and as follows:

a.      That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2018 as set forth above;

b.      That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c.      That Plaintiff recover all interest allowed by law; and

d.      Such other and further relief as the Court deems just and proper.

<u>TRIAL BY JURY</u>

Plaintiffs demand a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

WE, JACK SOLOMON and JOHN WHITAKER, hereby consent, pursuant to 29 U.S.C. §216(b), to become a party Plaintiffs in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. We further declare that the foregoing allegations are true and correct to the best of our knowledge and beliefs.

_____
JACK SOLOMON, as Plaintiff

_____
DATE     12 - 9 - 19

_____
JOHN WHITAKER, as Plaintiff

_____
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365

9

## NOTICE OF CONSENT TO JOIN

WE, JACK SOLOMON and JOHN WHITAKER, hereby consent, pursuant to 29 U.S.C.

§216(b), to become a party Plaintiffs in this action and to be represented by Todd W. Shulby, P.A.,

pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs

Lien and Limitation of Client's Right to Settle. We further declare that the foregoing allegations are

true and correct to the best of our knowledge and beliefs.


_____

JACK SOLOMON, as Plaintiff


_____

DATE


JOHN WHITTAKER, as Plaintiff

12/07/2019
_____

DATE


Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365


9